

**FILED**

August 19, 2022 11:17 AM
SX-2022-CR-00103
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

PEOPLE OF THE VIRGIN ISLANDS,

                          **Plaintiff,**

vs.

**CHARLES VANTERPOOL III,**

                        **Defendant.**

**SX-2022-CR-103**

**CITE AS: 2022 VI SUPER 73**

**Appearances:**
**William A. Appleton, Jr., Esq.**
Virgin Islands Department of Justice
St. Croix, U.S. Virgin Islands
*For Plaintiff*

**Ramiro Orozco, Esq.**
Office of the Territorial Public Defender
St. Croix, U.S. Virgin Islands
*For Defendant*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Judge**

¶ 1     **THIS MATTER** came before the Court on Defendant Charles Vanterpool III's (hereinafter "Defendant") motion to dismiss, filed on June 28, 2022.

### BACKGROUND

¶ 2     On May 9, 2022, the People of the Virgin Islands (hereinafter "People") filed a probable cause fact sheet made by police officer Isaiah Acosta (hereinafter "Officer Acosta") and an affidavit of police officer Isaiah Acosta (hereinafter "Officer Acosta"). According to the probable cause fact sheet: (i) on Sunday, May 8, 2022, approximately 6:28 p.m., Officer Acosta and his partner, while on mobile patrol, were dispatched to an auto collision, (ii) upon arrival at the scene, Officer Acosta and his partner made contact with, inter alia, Defendant; (iii) Officer Acosta

interviewed Defendant and other witnesses separately; (iv) Defendant and other witnesses indicated that Defendant's vehicle struck another party's vehicle and then struck the northern fence of Plot #21 Estate Profit in Frederiksted; (v) while interviewing Defendant, Officer Acosta noticed Defendant's speech was slurred and detected a strong odor of an alcoholic beverage on his breath and person; (vi) Defendant agreed to take the three Standardized Field Sobriety tests consisting of the Horizontal Gaze and Nystagmus test, the one Leg Stand test, and the Heel to Toe test; (vii) Officer Acosta explained the instructions of each test and Defendant proceeded with each test after he indicated that he understood the instructions; (viii) Defendant failed all three Standardized Field Sobriety tests; (ix) Officer Acosta handcuffed Defendant and advised him that he was under arrest for driving under the influence; (x) Defendant was transported to Wilbur H. Francis Command Police Station where Defendant was offered a chemical test of his breath to determine the alcoholic content of his breath; (xi) at approximately 7:38 p.m., Defendant accepted the offer of a chemical test and at approximately 7:55 p.m., Defendant blew into the chemical test as instructed; and (xii) the results of the chemical test revealed that Defendant's breath alcoholic content was 0.211%. (Probable Cause Fact Sheet.) The probable cause fact sheet was corroborated by Officer Acosta's affidavit.

¶ 3    On May 23, 2022, the People filed a complaint against Defendant for the events that allegedly took place on or about May 8, 2022. The complaint charged Defendant with the following counts: Count I-driving under the influence of an intoxicating liquor, in violation of Title 20 V.I.C. § 493(a)(1) and (b)(1); Count II-driving with a blood alcohol content of 0.15 percent or more, in violation of Title 20 V.I.C. § 493 (a)(2) and (b)(2); Count III-operating a motor vehicle in a negligent manner, in violation of Title 20 V.I.C. § 503; Count IV-operating motor vehicles in

reckless manner, in violation of Title 20 V.I.C. § 492, and Count V-operating a motor vehicle without an operator's license, in violation of Title 20 V.I.C. § 371(b).

¶ 4     On June 28, 2022, Defendant filed a motion to dismiss pursuant to Rule 12(b)(3)(B)(ii) of the Virgin Islands Rules of Criminal Procedure. The deadline for the People to file an opposition has since passed[1] and as of the date of this Memorandum Opinion and Order, the People has not filed an opposition in response.

## STANDARD OF REVIEW

¶ 5     Rule 12(b)(3)(B) of the Virgin Islands Rules of Criminal Procedure allows a party to challenge the defect in the charging document, such as "charging the same offense in more than one count (multiplicity)." V.I. R. CRIM. P. 12(b)(3)(B)(ii). "Multiplicity occurs when an information charges a single crime in several different counts." *People of the V.I. v. Colon*, 60 V.I. 149, 158 (V.I. Super. Ct. 2014). Most cases involving the issue of multiplicity focus on whether a defendant has been punished in multiple ways for committing the same criminal act or offense in violation of Title 14 V.I.C. § 104[2] or the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution. *Id.* However, there are also cases involving the issue of multiplicity based on multiplicitous charges in an information or indictment, which raises other significant concerns. *Id.*, 60 V.I. at 158-59. "In particular, a multiplicitous charge may leave a prejudicial impression on a jury at the commencement of trial that a defendant is alleged to have committed

---

[1] According to the scheduling order entered on May 26, 2022, "[a]ll pre-trial motions shall be filed within thirty (30) days of arraignment, with oppositions due twelve (12) days thereafter, and any replies due within seven (7) days of any opposition." (Scheduling Order.)

[2] Title 14 V.I.C. § 104 provides that "[a]n act or omission which is made punishable in different ways by different provisions of this Code may be punished under any of such provisions, but in no case may it be punished under more than one" and "[a]n acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other." Title 14 V.I.C. § 104.

several crimes when, as a matter of law, he or she is only being accused of committing one crime."

*Id.*, 60 V.I. at 159.

¶ 6    When determining the appropriate remedy for multiplicitous charges in the information—

to wit, "whether it is proper to leave the charges in place and exercise the appropriate remedy

should the need arise at sentencing, or whether the Court should proactively dismiss or consolidate

the charges"—"[t]his decision should be made on a case-by-case basis, considering such factors

as judicial economy, risk of prejudice, the totality of the charges against the defendant, and the

severity of those charges." *People of the V.I. v. Pringle*, 2021 V.I. LEXIS 74, ¶ 25 (V.I. Super. Ct.

Sept. 22, 2021).

## DISCUSSION

¶ 7    In his motion, Defendant argued that Count I-driving under the influence of an intoxicating

liquor, in violation of Title 20 V.I.C. § 493(a)(1) and (b)(1) and Count III-operating a motor vehicle

in a negligent manner, in violation of Title 20 V.I.C. § 503, should both be dismissed. Defendant

made the following assertions in support of his argument: (i) As to all the counts in the complaint,[3]

"all these acts occurred and arise [sic] from a singular event with a common nexus" and

"[m]ultiplicity occurs when an information charges a single crime in several different counts."[4]

(Motion 2); (ii) "[B]y not dismissing Count I and Count III, pursuant to [Rule 12(b)(3)(B)(ii)] and

in violation of "[Title] 14 V.I.C. § 104 and the Fifth, Sixth, Eight[h], and Fourteenth Amendments

to the United State Constitution" because it would "create a prejudicial impression on a jury at the

commencement of trial that a defendant is alleged to have committed several crimes when, as a

---

[3] In his motion, Defendant referenced an amended complaint. However, no amended complaint has been filed and the complaint filed on May 23, 2022 remains the operating charging document in this matter.

[4] Defendant referenced: *People of the Virgin Islands v. Colon*, 60 V.I. 149, 158 (2014).

matter of law, he or she is only being accused of committing one crime, denying the Defendant the right to a fair pursuant to the Sixth and Fourteenth Amendment of the United States Constitution" and "create a danger that the Defendant may receive more than one sentence for a single offense, in violation of the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution and pursuant to 14 V.I.C. §104 and 14 V.I.C. §295(12)."[5] (Id.); (iii) "A review of [Title] 20 V.I.C. § 503 clearly states that 'The offense of operating a vehicle in a negligent manner shall be considered to be a lesser offense than, but included in, the offense of operating a vehicle in a reckless manner, and any person charged with operating a vehicle in a reckless manner may be convicted of the lesser offense of operating a vehicle in a negligent manner.'" (Id.); and (iv) "The fact that all Counts alleged in the [] Complaint allege the same acts, on the same date, means that multiplicity has occurred."[6] (Id. at 3)

### 1. Count I

¶ 8    In his motion, Defendant did not indicate which other count charged the same offense as Count I. Upon review of the complaint, the Court has determined that Defendant's argument to dismiss Count I is due to the offense charged in Count II. Count I alleged that Defendant "operate[d] a white 2010 Jeep Patriot, bearing license plate no. TWF-536, within the Territory of the United States Virgin Islands while intoxicated, in violation of Title 20 V.I.C. § 493(a)(1) and (b)(1)" and Count II alleged that Defendant "while having .15 percent or more, by weight, of alcohol in his blood, operated a motor vehicle within the Territory of the United States Virgin

---

[5] Defendant referenced: *United States v. Hord*, 6 F.3d 276, 280 (5th Cir. 1993), citing *United States v. Lemons*, 941 F.2d 309, 317 (5th Cir.1991) (per curiam)(quoting *United States v. Swaim*, 757 F.2d 1530, 1537 (5th Cir.), *cert. denied*, 474 U.S. 825, 106 S.Ct. 81, 88 L.Ed.2d 66 (1985).

[6] Defendant referenced: *"United States v. Buchanan*, 485 F.3d at 278 & n. 7, citing *United States v. Reedy*, 304 F.3d 358, 363 (5th Cir. 2002) (quoting *United States v. Nguyen*, 28 F.3d 477, 482 (5th Cir.1994).

Islands, in violation of Title 20 V.I.C. § 493 (a)(2) and (b)(2)."[7] (Compl.) In this instance,

Defendant was charged for the same conduct of driving while intoxicated on May 8, 2022 in Count

I and Count II. Given that Count II similarly charges Defendant for driving while intoxicated by

including the fact that Defendant had .15 percent or more, by weight, of alcohol in his blood, while

he operated a motor vehicle, Count I is multiplicitous and redundant. As such, the Court will

dismiss Count I.

### 2. Count III

¶ 9      In his motion, Defendant implied that Count III and Count IV charged the same offense

and thus argued that Count III should be dismissed. Count III alleged that Defendant "operate[d]

a white 2010 Jeep Patriot, bearing license plate no. TWF-536, over and along a highway in the

Territory of the Virgin Islands in a negligent manner by attempting to improperly overtake another

vehicle and causing a collision, in violation of Title 20 V.I.C. § 503"[8] and Count IV alleged that

---

[7] Title 20 V.I.C. § 493 provides in relevant part:

(a)

(1) It is unlawful for any person who is under the influence of an intoxicating liquor or a controlled substance included in Schedule I, II, III, IV, or V of section 595, chapter 29, Title 19, Virgin Islands Code, or under the combined influence of an intoxicating liquor and such a controlled substance, to drive, operate, or be in actual physical control of, any motor vehicle within the Territory.

(2) It is unlawful for any person who has 0.08 percent or more, by weight, of alcohol in his or her blood to drive, operate, or be in actual physical control of, any motor vehicle within the Territory.

(b)

(1) Any person convicted of a first violation of subsection (a) hereof, shall be guilty of a misdemeanor and shall be punished by imprisonment for not more than one year, or by a fine of not less than $500, or by both. Provided, however, if the person was involved in an accident violating subsection (a), the minimum fine shall not be less than $700.

(2) Any person convicted of violating subsection (a) of this section, if there was at the time of testing 0.15 percent or higher by weight of alcohol in the person's blood, or if at the time accompanied in the vehicle by a person under the age of 18 years, shall be punished for a first offense by a fine of not less than $1,000 or more than $2,000, or by imprisonment of not more than one year, or both.

Title 20 V.I.C. § 493(a) and (b).

[8] Title 20 V.I.C. § 503 provides:

It shall be unlawful for any person to operate a motor vehicle in a negligent manner over and along the public highways of this Territory. For the purpose of this section to "operate in a negligent manner" means the

Defendant "operate[d] a white 2010 Jeep Patriot, bearing license plate no. TWF-536, over and along a highway in the Territory of the Virgin Islands in such a manner as would indicate either a willful or wanton disregard for the safety of person or property, by traveling at a high rate of speed, swerving between lanes, and improperly overtaking another vehicle, in violation of Title 20 V.I.C. § 492."[9] (Compl.) In this instance, Defendant was charged with both operating a motor vehicle in a reckless manner and the lesser included offense of operating a motor vehicle in a negligent manner for the same conduct arising out of the incident on May 8, 2022. However, this is permitted. In *Fontaine v. People of the V.I.*, the Virgin Islands Supreme Court explained:

> At common law the jury [is] permitted to find the defendant guilty of any lesser offense necessarily included in the offense charged." *Beck v. Alabama*, 447 U.S. 625, 633, 100 S. Ct. 2382, 65 L. Ed. 2d 392 (1980)). It is universally accepted that a defendant may be convicted of any lesser crime supported by the evidence that is within the offense charged by the prosecution. *See Phipps v. People*, 54 V.I. 543, 550-51 (V.I. 2011); WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 536, 1566 (1993) (respectively defining "crime" and "offense"); 9A FED. PROC., L. ED. § 22:1467; 42 C.J.S. *Indictments* § 304 (2014). Generally, courts have allowed for the finding of guilt upon a lesser included offense, even where that offense was not originally contained in the charging document. *Gov't of V.I v. Joseph*, 765 F.2d 394, 396 (3d Cir. 1985) ("A defendant may be found guilty of an offense necessarily included in the offense charged"). Here, the fact that the offense of first degree assault was also charged in the Information makes Fontaine's argument all the more specious.
>
> We have held in a number of cases that a defendant can be charged and convicted for multiple provisions of the Virgin Islands Code arising out of the same incident. *Fontaine v. People*, 59 V.I. 640, 657 (V.I. 2013); *Phillip v. People*, 58 V.I. 569, 592 (V.I.

---

operation of a vehicle upon the public highways of this Territory in such a manner as to endanger or be likely to endanger any person or property. The offense of operating a vehicle in a negligent manner shall be considered to be a lesser offense than, but included in, the offense of operating a vehicle in a reckless manner, and any person charged with operating a vehicle in a reckless manner may be convicted of the lesser offense of operating a vehicle in a negligent manner.

Title 20 V.I.C. § 503.

[9] Title 20 V.I.C. § 492 provides:

It shall be unlawful for any person to operate a motor vehicle in a reckless manner over and along the public highways of this Territory. For the purpose of this section to "operate in a reckless manner" means the operation of a vehicle upon the public highways of this Territory in such a manner as to indicate either a wilful or wanton disregard for the safety of person or property.

Title 20 V.I.C. § 492.

2013); *Williams v. People*, 56 V.I. 821, 832 (V.I. 2012). The individual, however, may only be punished or sentenced for one offense arising out of the same act in accordance with 14 V.I.C § 104 and the Fifth Amendment. *Charles v. People*, 60 V.I. 823, 843 (V.I. 2014); *Williams*, 56 V.I. at 831-34. Therefore, although it would be impermissible for Fontaine to be cumulatively punished for all offenses, he could lawfully be charged and convicted of first degree murder as well as any lesser included offenses.

*Fontaine*, 62 V.I. 643, 650 (V.I. 2015).

Given that Defendant could be lawfully charged and convicted of operating a motor vehicle in a reckless manner (Count IV) and the lesser included offense of operating a motor vehicle in a negligent manner (Count III), the Court finds that the appropriate remedy here is to leave both counts in place and exercise the appropriate remedy should the need arise at sentencing.

### CONCLUSION

Based on the foregoing, it is hereby:

**ORDERED** that Defendant's motion to dismiss, filed on June 28, 2022, is **GRANTED IN PART AND DENIED IN PART** as follows: (i) **GRANTED** as to Count I and Count I is **DISMISSED** and (ii) **DENIED** as to Count III. **And** it is further:

**ORDERED** that, **with in fifteen (15) days from the date of entry of this Memorandum Opinion and Order**, the People shall file a first amended complaint consistent with this Memorandum Opinion and Order.

**DONE and so ORDERED this** 19th **day of August, 2022.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____

Court Clerk Supervisor
Dated: 8/19/2022

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
August 19, 2022 11:21 AM
SX-2022-CR-00103
TAMARA CHARLES
CLERK OF THE COURT




# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

**People of the Virgin Islands v.**
**Charles Vanterpool**

Case Number: **SX-2022-CR-00103**
Charges: **20 V.I.C. 493 (a)(1) - Driving Under The Influence**
**20 V.I.C. 493(b)(2) - Driving Under the Influence with BAC of 0.15% or higher or accompanied by minor in vehicle**
**20 V.I.C. 503 - Negligent Driving**
**20 V.I.C. 492 (RD) - Reckless Driving**
**20 V.I.C. 371 (b) - No License On Person**

## NOTICE of ENTRY
### of
### Memorandum Opinion and Order

**To:** William A. Appleton, Jr., Esq.      Ramiro Orozco, Esq.

**Please take notice that on August 19, 2022**
**a(n)** _____ **Memorandum Opinion and Order** _____
**dated** **August 19, 2022** **was/were entered**
**by the Clerk in the above-titled matter.**

**Dated:** **August 19, 2022** _____

_____
**Tamara Charles**
**Clerk of the Court**

By: _____

_____
**Iris Cintron**
**Court Clerk Supervisor**